```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  JOSE GARCIA,                                              :
  individually and on behalf of others similarly            :
  situated,                                                 :
                                                            :
                                    Plaintiff,              :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
                         - against -                        :
                                                            :   18-cv-2656 (BMC)
  PAWAR BROS CORP., doing business as                       :
  Pawar Bros Corp., PAWAR BROS EQUITIES                     :
  LLC, doing business as Pawar Bros Corp.,                  :
  SINGH HARJINDER, ROGER DOE, and                           :
  MUHAMMED DOE,                                             :
                                                            :
                                    Defendants.             :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff alleges that he was an auto repair technician at defendant's repair shop and that defendants failed to pay him minimum and overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, and corresponding provisions of the New York State Labor Law, § 652, 12 N.Y.C.C.R. § 142-2.2. He also contends that defendants failed to pay spread-of-hours required by 12 N.Y.C.C.R. § 142-2.4 and that defendants violated the wage statement required by NYLL § 195(3) and the notice and recordkeeping requirements of NYLL § 195(1), (4). Plaintiff also claims that he was required to pay for his own "tools of the trade" in violation of 12 N.Y.C.C.R. § 146-2.7(c). Before me is plaintiff's motion for default judgment. The motion is granted.

## BACKGROUND

According to his complaint and affidavit in support of his motion for a default judgment, plaintiff worked as a car repairman at defendants' automobile repair shop from approximately

2010 until about March 20, 2018. From May 2, 2012 until about March 20, 2018, plaintiff worked 10 hours per day three days per week and 12 hours per day two days per week, for an average total of 54 hours per week. From about March 2012 through about December 2012, he received a fixed salary of $500 per week. For about the next two years (2013 to 2014), his salary was increased to $550 per week. For 2015, it was increased to $600 per week. For 2016, it was increased to $700 per week, and for 2017 until his departure in March 2018, he was paid $750. He was paid only in cash and the same amounts regardless of the actual weekly hours that he worked. He never received overtime. The wage notices required by the New York Labor Law were never posted and he was not given any breakdown of how he was being paid. He was required to purchase "tools of the trade": tools to perform his job and three pairs of shoes.

## DISCUSSION

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of a complaint pertaining to liability are accepted as true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability. As to the individual defendants, plaintiff has averred that they all had the power to hire, fire, and set his wages. See Irizarry v. Catsimatidis, 722 F.3d 99, 104-05 (2d Cir. 2013).

It is equally well-settled that on a motion for a default judgment, a defendant's default does not constitute an admission as to the damages claimed in the complaint. See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested. See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely on the affidavits and other

documentary evidence provided by plaintiff, obviating the need for a hearing on damages, see Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015).

There is no need for an inquest here. The affidavits from plaintiff and his attorney constitute adequate proof of his damages and nothing would be gained by having him appear to repeat his hours as set forth in his affidavit. Plaintiff's attorney has submitted an accurate calculation of the amounts plaintiff is owed, taking into account the variable wage rate under New York law during the period of plaintiff's employment and New York's six-year statute of limitations. Plaintiff's proven damages are as follows:

| **ELEMENT OF DAMAGES** | **AMOUNT** |
|---|---|
| Unpaid wages and overtime (NYLL § 652, 12 N.Y.C.C.R. § 142-2.2) | $99,513.75 |
| Liquidated damages unpaid wages and overtime (NYLL § 198(1-a)) | 99,513.75 |
| Pre-judgment interest on wages, overtime, and spread of hours pay (NYLL § 198(1-a)) | 28,952.99 |
| Spread of hours pay (N.Y. C.P.L.R. § 5001(b)) | 5,369.50 |
| Liquidated damages on spread of hours pay (NYLL § 663(1)) | 5,369.50 |
| Tools of the trade (12 N.Y.C.C.R. § 146-2.7(c)) | 3,180.00 |
| Failure to provide wage statements (NYLL § 195(3)) | 5,000.00 |
| Failure to post wage notice (NYLL § 195(1)) | 5,000.00 |
| **TOTAL** | **$251,899.49** |

Plaintiff has also requested attorneys' fees in the amount of $3,630 plus $949 for the filing fee and costs. He has submitted detailed time records totaling for 9.30 hours expended through the motion for default judgment. This is eminently reasonable. See, e.g., Ahmed v.

3

Subzi Mandi, Inc., No. 13-CV-3353, 2014 WL 4101224, at *10 (E.D.N.Y. May 27, 2014) (awarding 14.90 hours to solo practitioner in wage and hour default), adopted by, 2014 WL 4101247 (E.D.N.Y. Aug. 18, 2014); Rosas v. Subsational, No. 11-CV-2811, 2012 WL 4891595, at *11 (E.D.N.Y. Sept. 11, 2012) (finding 8.7 hours "not only reasonable but reflect[ing] an efficient use of [the attorney's] time compared with similar cases coming before the Court"), adopted sub nom., Rosas v. SBS 1310 Corp., 2012 WL 4866678 (E.D.N.Y. Oct. 15, 2012); Blue v. Finest Guard Servs., Inc., No. 09-CV-133, 2010 WL 2927398, at *15 (E.D.N.Y. June 24, 2010) (awarding 10.36 hours to plaintiffs' attorney).

The hourly rates proposed by plaintiff's attorneys, $450 per hour for a highly experienced partner (5 hours), and $350 for a third-year associate (3.8 hours) are at the high end of allowed rates in this district, but they are within it, and I am not going to act as the defaulting defendants' lawyer by scrutinizing them overly severely. See Greathouse v. JHS Sec. Inc., 784 F.3d 105, 120 (2d Cir. 2015) (Korman, D.J., concurring). (There is also .5 hours of paralegal time at $100 per hour, which is also at the high end, but will be allowed).

## CONCLUSION

Plaintiff's motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $251,899.49 in damages, plus $3,630 in attorneys' fees, and $949 in out-of-pocket costs, for a total of $256,478.49.

**SO ORDERED.**

                                                                   U.S.D.J.

Dated: Brooklyn, New York
       August 27, 2018